UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| --- | --- | --- |
| VERSUS | * | NO: 07-179 |
| TY PAYTON | * | SECTION: "D"(2) |

## **ORDER AND REASONS**

Before the court is the **"Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" (Doc. No. 256)** filed by Ty Payton. The United States of America filed a memorandum in opposition. (Doc. No. 262). The Motion is before the court on the parties' briefs, without oral argument.

Having reviewed the parties' briefs, the record and the applicable law, the court concludes that:

(1) an evidentiary hearing is not necessary because all of the facts underlying the claims raised in this § 2255 Motion are contained in the record, and the resolution of Petitioner's claims depends solely upon the application of the relevant case law and standard of review to facts that are already part of the record;

and

(2) the § 2255 Motion should be denied.

## I. Background

On March 5, 2008, Ty Payton pleaded guilty (without any benefit of an agreement with the Government) to a conspiracy to use and carry firearms during a violent carjacking and to two carjacking counts. He was a juvenile at the time he committed the offenses, but the court ordered that he be prosecuted as an adult (which Payton did not contest). On July 30, 2008, the court sentenced Payton to 210 months on the conspiracy count, and two concurrent 180-month sentences on the carjacking counts.

Payton appealed his sentence to the United States Court of Appeals for the Fifth Circuit, arguing "that his non-guidelines sentence is unreasonable because the district court failed to provide an adequate explanation for the variance, the district court failed to address his argument that his mental illness represented a mitigating factor, and the variance was greater than necessary to satisfy the sentencing goals of 18 U.S.C. §3553(a)." (*See* Fifth Circuit Opinion, Doc. No. 262-2). On June 9, 2009, the Fifth Circuit issued its mandate affirming the sentence. (*See* Doc. No. 254).

## II. Legal Analysis

Section 2255 provides recourse only "for transgressions of constitutional rights and for that narrow compass of other injury

that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Perez*, 952 F.2d 908, 909 (5th Cir. 1992). In his instant habeas petition, Payton challenges his sentence on two grounds: (1) the court erred by considering his criminal record of arrest that did not result in conviction; and (2) the court failed to consider mitigating factors (related to Payton's mental health issues) in imposing sentence. Payton, however, already unsuccessfully argued on direct appeal that the court failed to address his argument that his mental illness represented a mitigating factor, and Payton cannot now take a second bite at direct appeal through his §2255 Petition.

Further, Payton has not shown why he did not raise any other sentencing issue on direct appeal, which was unfettered in scope since he did not plead pursuant to any agreement with the Government. Finally, contrary to Payton's argument asserted in his first ground for habeas relief, the court did not consider Payton's record of arrest, but rather relied on information contained in the Factual Basis. Accordingly, Payton is not entitled to habeas relief.

### III. Conclusion

For the reasons set forth above,

**IT IS ORDERED** that the **"Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence"** filed by Ty Payton be and

is hereby **DENIED**.

New Orleans, Louisiana, this **11th** day of **December**, **2009**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE